UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IN RE:

BRANDED BEVERAGE ANTITRUST
LITIGATION

*This Document Relates To All Actions*
-------------------------------------------------------------x

**ORDER ON MOTION TO MODIFY
CONSOLIDATION AND TO APPOINT
INTERIM CLASS COUNSEL**

No. 25-CV-6440 (CS)

Seibel, J.

Before the Court are motions to appoint interim lead class counsel and to modify

consolidation.  (ECF Nos. 47-55.)  The motion concerning interim leadership for the Direct

Purchaser Plaintiffs ("DPP") is unopposed, while the motions concerning interim leadership for

the Indirect Purchaser Plaintiffs ("IPP") are contested.

I.      **BACKGROUND**

On February 26, 2026, the Court consolidated ten related cases pursuant to Federal Rule

of Civil Procedure 42(a) under the caption *Giannasca v. PepsiCo, Inc., et al.*, 25-cv-6440, for

pretrial purposes only.  (ECF No. 45.)[1]  The actions concern an alleged anticompetitive scheme

carried out by Walmart, Inc., and PepsiCo, Inc., to fix prices of Pepsi beverages to the detriment

of consumers and competing retailers.  (*See generally* ECF No. 28 (*Giannasca* Second Amended

Complaint).)  Across the consolidated actions, three theories of harm creating three tracks of

potential classes have emerged:  direct consumer purchasers, *i.e.*, customers who bought Pepsi

beverages at Walmart and allege they were harmed by paying inflated retail prices, *see, e.g.*, ECF

No. 1 in *Davis v. PepsiCo, Inc., et al.*, 26-cv-405; direct reseller purchasers, *i.e.*, competitor

businesses that bought Pepsi from Pepsi and allege they were harmed by paying inflated

---

[1] An eleventh action was consolidated on March 12, 2026.  *See Reese v. PepsiCo, Inc., et al.*, 26-cv-1922, ECF No. 8.

wholesale prices, *see, e.g.*, ECF No. 1 in *Redner's Market, Inc. v. . PepsiCo, Inc., et al.*, 25-cv-10633; and indirect purchasers, *i.e.*, customers who bought Pepsi beverages at retailers other than Walmart and allege they were harmed by paying inflated retail prices, *see, e.g.*, ECF No. 1 in *Gelbspan, et al. v. Pepsico, Inc., et al.*, 25-cv-10397.  At a conference held on February 26, 2026, the Court set a briefing schedule for motions for interim class leadership.  (*See* Minute Entry dated Feb. 26, 2026.)  The Court also set a briefing schedule for subsequent pre-motion letters and motion(s) to dismiss, if any, to be filed after the interim leadership is decided.  (*See id.*)

Counsel in both DPP tracks have reached a consensus leadership structure, and filed an unopposed motion to appoint interim class counsel leadership consisting of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Schneider Wallace Cottrell Kim LLP ("Schneider Wallace") as co-lead counsel; Bursor & Fisher PA as liaison counsel; and an Executive Committee consisting of Berger & Montague PC, Cera LLP, and Gustafson Gluek PLLC.  (ECF No. 50 at 1.)  The DPP motion also seeks to modify consolidation and leave to file separate Consolidated Complaints in each track.  (*Id.*)  Counsel for the IPP track have filed contested leadership motions.  Counsel for Plaintiffs in *Donovan, et al. v. PepsiCo, Inc., et al.*, 25-cv-10571, moved to appoint Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as the IPP interim lead counsel, (ECF No. 53-1 ("Cohen Milstein Mem.") at 1), while counsel for Plaintiffs in *Arbit, et al. v. PepsiCo, Inc., et al.*, 26-cv-01455, moved to appoint Miller Law LLC ("Miller Law") as the IPP interim lead counsel, (ECF No. 47 ("Miller Law Mem.") at 1).

## II.    <u>DISCUSSION</u>

Pursuant to Federal Rule of Civil Procedure 23(g)(3), a district court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  "Candidates for interim class counsel are

evaluated under the same rubric as potential counsel for certified classes." *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) (collecting cases).  Pursuant to Rule 23(g)(1), a district court must consider the following factors in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A).  A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

Based on the submissions, the Court is persuaded that all counsel seeking interim leadership of their respective tracks of classes are adequately experienced in handling similar class action litigations, have sufficient knowledge of the applicable law and would commit the requisite resources to represent their respective classes.  As to the two DPP tracks, Wolf Haldenstein and Schneider Wallace cite extensive experience litigating antitrust class action lawsuits and serving as lead or co-lead counsel in those actions.  (ECF No. 50 at 6-12.)  The Court also notes the work that counsel from both firms have already committed in the action, and their apparent willingness to continue to do so.  (*Id.* at 13-14.)  The motion is unopposed, and the proposed co-lead firms represent clients from the different DPP tracks, which the Court finds pertinent to representing the interests of the two distinct classes.  (*See id.* at 14-19); *cf.* Manual for Complex Litigation, Fourth, § 10.221 ("Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making.").

As to the IPP track, both Cohen Milstein and Miller Law appear to satisfy factors (ii), (iii) and (iv) under Rule 23(g)(1)(A).  (*See* Cohen Milstein Mem. at 8-13; Miller Law Mem. at 7-12.)

Cohen Milstein argues factor (i) favors their motion given its legwork in developing the legal theory underpinning *Copeland v. Energizer Holdings, Inc.*, 716 F. Supp. 3d 749, 758-61 (N.D. Cal. 2024) (describing structurally similar allegations against Walmart and its battery supplier), their complaint in this case, and many of the subsequently filed IPP complaints.  (Cohen Milstein Mem. at 5-7.)  Miller Law argues factor (i) favors their motion because all complaints in this case are piggybacking off a Federal Trade Commission ("FTC") investigation, and their firm alone brings claims in more so-called Repealer Jurisdictions[2] than counsel in any of the related IPP actions.  (Miller Mem. at 4-6); *see also Fed. Trade Comm'n v. PepsiCo, Inc.*, No. 25-CV-664, 2025 WL 3484835, at *1 (S.D.N.Y. Dec. 4, 2025) (order on motion to unseal FTC's Pepsi complaint).

The Court finds that factor (i) weighs in Cohen Milstein's favor more so than Miller Law's.  Although the FTC complaint appears to form much of the factual basis for all complaints in the consolidated actions, it was not a Sherman Act case, and Cohen Milstein's work in the related *Copeland* matter developed the legal theory on which the IPP plaintiffs here rely. Moreover, in reviewing the several IPP complaints already filed, Cohen Milstein's complaint in *Donovan* has become "the template for the great majority," which although not dispositive given the FTC's investigation, helps tip factor (i) in its favor.  *See In re GSE Bonds Antitrust Litig.*, 377 F. Supp. 3d 437, 438 (S.D.N.Y. 2019).  As to Miller Law's argument regarding the number of Repealer Jurisdiction plaintiffs, a named plaintiff has standing to represent absent class members' claims under different states' laws, and any differences among those laws is an issue

---

[2] Repealer Jurisdiction refers to "to states that passed laws that repealed the holding in *Illinois v. Illinois Brick*, 431 U.S. 720 (1977), and thus grant standing to indirect purchasers bringing antitrust claims." *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, No. 14-MD-2542, 2021 WL 1393336, at *1 (S.D.N.Y. Apr. 13, 2021).

to be addressed at the class certification stage.  *See Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 96 (2d Cir. 2018).  Thus, at this stage, either firm can bring claims on behalf of plaintiffs from states different from the named plaintiffs'.  The firms dispute the number of plaintiffs and/or corresponding states that each can properly tally as supporting their bids for leadership.  (*See* Miller Law Mem. at 6; Cohen Milstein Mem. at 14 n.8; ECF No. 55 ("Miller Law Reply") at 6; ECF No. 54 ("Cohen Milstein Reply") at 5-6.)  But in any event, the Court does not believe that representing a plaintiff from one or two additional jurisdictions demonstrates a great additional investigative effort at this stage of the litigation, nor would it likely have a dispositive effect on the firm's ability to represent the class down the line.  Miller Law further cites its retention of an economic expert as evidence of its "substantial work" investigating the claims thus far, but it has not provided any detail as to how this expert has already contributed to the firm's work, including how that expert would differentiate its investigation from Cohen Milstein's or the FTC's.  (*See* Miller Law Mem. at 6.)

The majority of the IPP counsel not seeking leadership support Cohen Milstein, which also favors Cohen Milstein's bid, pursuant to Rule 23(g)(1)(B).  *See Deangelis*, 286 F.R.D. at 225 ("That a large number of experienced counsel are satisfied to be represented by the [so-called] Consensus Plaintiffs is some measure of the respect they command and the confidence of their peers that they will serve well in the role.").  Considering this support, and combined with the Rule 23(g)(1)(A) factors, the Court finds that Cohen Milstein is better positioned to serve as interim lead counsel for the IPP class.

### III.    <u>ORDER</u>

**ORDERED** that Wolf Haldenstein Adler Freeman & Herz LLP and Schneider Wallace Cottrell & Kim LLP are appointed as Co-Interim Class Counsel for the Direct Purchaser Plaintiffs;

**ORDERED** that Bursor & Fisher P.A. is appointed as Liaison Counsel for the Direct Purchaser Plaintiffs;

**ORDERED** that Berger Montague P.C., Cera LLP, and Gustafson Gluek PLLC are appointed as members of the Executive Committee for the Direct Purchaser Plaintiffs; and

**ORDERED** that Cohen Milstein Sellers & Toll PLLC are appointed Interim Class Counsel for the Indirect Purchaser Plaintiffs;

**ORDERED** that Direct Purchaser Plaintiffs are granted leave to file separate Consolidated Amended Complaints for the Direct Consumer Purchaser and Direct Reseller Purchaser classes and that Indirect Purchaser Plaintiffs are granted leave to file a Consolidated Amended Complaint for their class;

**ORDERED** that all Consolidated Amended Complaints, Pre-Motion Letters and Motion(s) to Dismiss are to be filed in accordance with the briefing schedule set forth at the February 26, 2026 Status Conference.  (*See* Minute Entry dated Feb. 26, 2026.)  The date of this order shall be the date from which the deadline for filing subsequent pleadings and other documents is determined pursuant to the briefing schedule.

It is further **ORDERED** that all orders, pleadings, motions, and other documents served or filed in this consolidated action shall be captioned as set forth below.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IN RE:

BRANDED BEVERAGE ANTITRUST
LITIGATION

*This Document Relates To [(1) "All Actions"; (2)*
*"All Direct Consumer Purchaser Classes", "All*
*Direct Reseller Purchaser Classes" or "All Indirect*
*Purchaser Actions"; or (3) specify by title and case*
*number the individual applicable case(s) if the*
*document relates to less than all of the consolidated*
*cases in a given track]*
-------------------------------------------------------------x

It is further **ORDERED** that any actions later assigned to the undersigned as related to the consolidated action *In re Branded Beverage Antitrust Litigation* will automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

It is further **ORDERED** that any order entered into, or decision rendered, in these consolidated cases that relates to all actions, or to all actions in a given track, shall apply to all actions later consolidated in this action or that track, unless counsel in the later-consolidated action show good cause why it should not.

7

It is further **ORDERED** that all counsel are required to register for and participate in this Court's CM/ECF filing system.  This system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties.  Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the Southern District of New York's Local Rules.  The Court will serve all orders through the ECF system.  Plaintiffs' lead and/or liaison counsel shall be responsible for providing copies of any order, pleading, motion, letter or other document to any party/counsel who does not receive service of the order through the ECF system.

**ORDERED** that attorneys who are in good standing in each state in which they are a member of the bar and who are admitted to practice in any U.S. District Court may be admitted *pro hac vice* in this litigation, without the need to associate local co-counsel.  Motions to appear *pro hac vice* must be filed online using the Court's CM/ECF system.  Instructions can be found at https://nysd.uscourts.gov/attorney/prohac.

**SO ORDERED.**

Dated:  March 18, 2026
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

8